PEARSOL et al. v. MAXWELL et al.

(Circuit Court of Appeals, Third Circuit.   October 5, 1896.)

No. 1, Sept. Term, 1896.

WILLS—TECHNICAL WORDS—INTENT—PRESUMPTION.

Testator devised a certain estate, "to have and to hold to the said E. and the heirs of her body," followed by a provision that, if any of the children of E. should marry into a certain family, the share of the child or children so marrying should go to the other children. *Held*, (1) that E. took an estate tail, the presumption being that the words were used in their technical sense; (2) that the proviso as to the children did not present such an unequivocal intent to limit E. to a life interest as to rebut such presumption.   68 Fed. 513, affirmed.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Edward Campbell, for plaintiffs in error.

William G. Guiles, for defendants in error.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

DALLAS, Circuit Judge.   The case of the plaintiffs in error rests upon their contention that by the will of Samuel N. Crawford there was vested in the children of Edith Pearsol an estate in remainder in the land in dispute upon determination of an estate for life in the said Edith Pearsol; but the conclusive answer to this contention is that the estate devised to Edith Pearsol is an estate of inheritance, and not for life only, and that no interest or estate whatever was devised to her children.   The quantity of the estate which Edith Pearsol was to take was defined by the words, "to have and to hold to the said Edith Pearsol and the heirs of her body," and that these words, if alone considered, created an estate tail, is hornbook law.   The learned counsel for the plaintiffs has, however, strenuously insisted that the legal significance of technical words will not prevail against the true intent of a testator as disclosed by his entire will, and especially by its latest dispositions, which, when in conflict with any preceding part of it, are to be given controlling effect.   These general principles need not be questioned,—when correctly understood and rightly applied, they are unquestionable,—but they are not determinative of the present controversy, for the reason that, even in a will, the presumption is that technical words have been used in their technical sense, and this presumption cannot be rebutted otherwise than by showing an unequivocally expressed intent to use them in some other sense.   The only dispositive provision of Samuel N. Crawford's will affecting this land devises an estate tail to Edith Pearsol, and we are asked to infer or imply an inconsistent devise to her children because the testator, towards the end of his will, declared that none of the family of his uncle, Joseph Crawford, should receive any benefit from his (testator's) estate, and more especially because the devise to Edith Pearsol is followed by these words:

"Provided, however, that the children of the said Edith Pearsol do not marry or be given in marriage to any of the children of my uncle Joseph

Crawford, or to any of his grandchildren or great-grandchildren, or to any other lineal descendant of the said Joseph Crawford; but, should any of the children of the said Edith Pearsol marry any of the descendants of the said Joseph Crawford, the share of my estate, of he, she, or they so marrying as aforesaid, shall go to and become vested in the other child or children of the said Edith, share and share alike."

We cannot say that this language discloses an intent (it certainly does not plainly do so) to use the words "heirs of her body" as meaning precisely the same thing as the words "for her life only, and, upon her death, to her children." If the latter words had been used, the children of Edith Pearsol would have taken as purchasers, and, of course, subject to the provision immediately under consideration. But it is not unlikely that the testator supposed that by giving to the mother an estate of inheritance the same children would become entitled as heirs, and so be equally subjected to its operation. But we will not enlarge upon this subject. To do so would be to involve ourselves in a maze of conjecture into which the law wisely forbids us to enter. We are not at liberty, nor inclined, to ascribe to a testator an intent to do what he has not done, and to nullify what he has done, merely because he has made it possible to suspect, but not to clearly discern, that, if he had fully appreciated all the effects of his will as he expressed it, he would have expressed it differently. The conclusion we have reached is further supported by several matters contained in the will to which we do not deem it necessary to particularly refer. They have been sufficiently and satisfactorily discussed in the opinion filed by the learned judge of the circuit court. The judgment is affirmed.